# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 16-5196**

**September Term, 2016**

FILED: SEPTEMBER 9, 2016

LEAGUE OF WOMEN VOTERS OF THE UNITED STATES, ET AL.,
APPELLANTS

v.

BRIAN D. NEWBY, IN HIS CAPACITY AS THE EXECUTIVE DIRECTOR OF THE UNITED STATES
ELECTION ASSISTANCE COMMISSION, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:16-cv-00236)

Before: ROGERS, *Circuit Judge*, and WILLIAMS and RANDOLPH\*, *Senior Circuit Judges*

## **J U D G M E N T**

This case came to be heard on the record of the United States District Court and was argued by counsel. On consideration thereof, and as will be explained more fully in opinions to be filed at a later date, it is

**ORDERED and ADJUDGED** that the order of the District Court denying the motion for a preliminary injunction be reversed. Appellants have demonstrated irreparable harm, a likelihood of success on the merits, that the balance of equities tips in their favor, and that an injunction is in the public interest. It is

**FURTHER ORDERED** that the United States Election Assistance Commission ("the Commission"), and anyone acting on its behalf, be enjoined from giving effect to the January 29, 2016, decisions of its Executive Director, Brian D. Newby, approving requests by Kansas, Alabama, and Georgia to add a proof of citizenship requirement to the state-specific instructions that accompany the National Mail Voter Registration Form (the "Federal Form"). It is

**FURTHER ORDERED** that the Commission take all actions necessary to restore the status quo ante, pending a determination on the merits, including promptly removing from the state-specific instructions those requirements directing voter registration applicants to submit proof of their United States citizenship, informing Kansas, Alabama, and Georgia that Federal Form applications filed since January 29, 2016 should be treated as if they did not contain the now-stricken state-specific instructions, and promptly posting on the Commission's website the modified version of the Federal Form.

Our dissenting colleague claims that a Constitutional issue "would arise if a court issued a final injunction in this case forbidding the Commission from including the states' requirements." But that issue is not presented in this case because the Leagues seek only to enjoin the Commission (or its agents) from giving effect to the January 29, 2016 decisions of Executive Director Newby. Neither this preliminary injunction nor a final judgment would forbid the Commission from including a proof-of-citizenship requirement if it determined that such a requirement was necessary to "effectuate [the States'] citizenship requirement[s]." *Arizona v. Inter Tribal Council of Arizona, Inc.*, 133 S. Ct. 2247, 2260 (2013). Like Arizona after *ITCA*, the States here remain free to renew their "request[s] that the [Commission] alter the Federal Form to include information the State[s] deem[] necessary to determine eligibility." *Id*. If the Commission refuses those requests (or fails to act timely), the States here (like Arizona) will have the "opportunity to establish in a reviewing court" that their proof-of-citizenship requirements are necessary to enable them to assess eligibility. *Id*.; see 52 U.S.C. § 20508(b)(1). Because they have yet to do so, our review of the agency action here presents no Constitutional issue.

**<u>Per Curiam</u>**

FOR THE COURT:
Mark J. Langer, Clerk

BY:     /s/
        Amy Yacisin
        Deputy Clerk

\* Senior Circuit Judge Randolph would affirm the order denying the preliminary injunction. A separate dissenting statement by Senior Circuit Judge Randolph is attached.

Randolph, *Senior Circuit Judge*, dissenting:

I would affirm the District Court's denial of a preliminary injunction on the ground that appellants have not demonstrated irreparable harm.

The Supreme Court in *Arizona v. Inter Tribal Council of Arizona, Inc.* recognized that under Article I, § 2, cl. 1, and the Seventeenth Amendment to the Constitution, the states – not the federal government – have the power to establish "voting requirements" in federal elections. 133 S.Ct. 2247, 2258-59 (2013).

The Court also held that it would "raise serious constitutional doubts" if the Election Assistance Commission prevented a state from "enforcing its voter qualifications" and that the Commission may be "under a nondiscretionary duty to include [a state's proof of citizenship requirements] on the Federal Form." *Id.* at 2259-60. That issue is not presented because the Commission's Executive Director granted the requests of Kansas, Georgia and Alabama to include their requirements on the Federal Form. But the issue would arise if a court issued a final injunction in this case forbidding the Commission from including the states' requirements.